**Nicholas J. Henderson**, Oregon State Bar No. 074027
nhenderson@htattorneys.com
**Alex C. Trauman**, Oregon State Bar No. 075491
nhenderson@htattorneys.com
Henderson Trauman, PC
101 SW Main Street, Suite 350
Portland, Oregon 97204-3211
Telephone (503) 227-4001
Facsimile (503) 227-4019

        Attorneys for Plaintiff David L. Jackson

**Robert J. Schuckit**, (Admitted *Pro Hac Vice*)
rschuckit@schuckitlaw.com
**William R. Brown**, (Admitted *Pro Hac Vice*)
wbrown@schuckitlaw.com
**Karen B. Reisinger**, (Admitted *Pro Hac Vice*)
kreisinger@schuckitlaw.com
Schuckit & Associates, P.C.
10 W. Market Street, Suite 3000
Indianapolis, IN 46204
Telephone (317) 363-2400
Facsimile (317) 363-2257

**Jennifer Lyn Bouman**, Oregon State Bar No. 00028
jbouman@bullardlaw.com
Bullard Smith Jernstedt Wilson
1000 SW Broadway, Suite 1900
Portland, OR 97205
Telephone (503) 248-1134
Facsimile (503) 224-8851

        Attorneys for Defendant Trans Union, LLC

FILED'09 NOV 5 12:18USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

DAVID L. JACKSON,                    Case No.          CV-08-0060-MO
Plaintiff,
v.                                                     PRETRIAL ORDER

HSBC MORTGAGE SERVICES, INC.,
A foreign corporation,
TRANS UNION LLC,
A foreign limited liability company,

Defendants.

PAGE 1 – PRETRIAL ORDER

The following pretrial order is lodged pursuant to L.R. 16.6 and the order of the Court.

## I.    NATURE OF THE ACTION

Plaintiff, David L. Jackson ("Mr. Jackson"), brings this action against Defendant, Trans Union, LLC ("Trans Union"), pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Trial will be to a jury. The parties have not consented to trial and entry of judgment by a magistrate judge.

## II.    SUBJECT MATTER JURISDICTION

This court has jurisdiction over the claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

## III.    AGREED FACTS

1.    Trans Union is a "consumer reporting agency" as defined by the FCRA. Trans Union provides consumer credit reports to subscribers who use the information to make credit related decisions. Trans Union collects account information from its subscribers and includes this information in credit reports. When reporting this credit information, the credit grantors include the consumer identifying information associated with a particular account. Trans Union stores account and public information in connection with the consumer's identifying information in its database. Trans Union also reports information regarding consumer credit accounts that are involved in bankruptcy proceedings. Trans Union does not receive this information from the courts or from its public record vendors. Rather, Trans Union receives this information from the creditors themselves. Trans Union does not receive notices from bankruptcy courts about bankruptcy proceedings.

2.    Mr. Jackson is a "consumer" as defined by the FCRA.

3.    Mr. Jackson had two mortgage loans with HSBC Mortgage Services, Inc. ("HSBC"), accounts ending in 8512 and 8520 ("HSBC 8512" and "HSBC 8520," respectively).

4.     On July 27, 2006, Mr. Jackson requested a copy of his consumer disclosure from Trans Union.

5.     On July 27, 2006, Trans Union sent Mr. Jackson a copy of Mr. Jackson's consumer disclosure. As it had been reported to Trans Union by HSBC, the disclosure reflected that HSBC 8520 had been included in bankruptcy; there was no public record section indicating that Mr. Jackson had filed bankruptcy.

6.     Mr. Jackson has no evidence that Trans Union had notice prior to Mr. Jackson's first dispute that HSBC was not a reliable furnisher of information.

7.     On July 28, 2006, Mr. Jackson disputed the accuracy of information in his credit file via internet.

8.     Trans Union's policy is always to investigate a consumer's non-frivolous dispute of reported information, and to correct all inaccuracies brought to its attention. When a consumer submits a dispute to Trans Union, Trans Union analyzes the dispute to determine if it can be resolved based solely on the information the consumer submitted. If it cannot, Trans Union verifies the information with the furnisher that supplied it. To do so, the disputed item and the relevant information contained in the dispute are recorded on a Consumer Dispute Verification ("CDV") form, which is then sent to the furnisher. After receiving furnishers' responses to CDVs, Trans Union reviews the consumer's file and makes changes or deletions, as appropriate, based on the CDV responses. Trans Union then sends an updated disclosure to the consumer advising of the results of the investigation within thirty days of receipt of the dispute.

9.     In response to Mr. Jackson's dispute, Trans Union sent a CDV form to HSBC asking that HSBC verify the information HSBC had provided to Trans Union regarding HSBC 8520.

PAGE 3 – PRETRIAL ORDER

10.    Before Trans Union will agree to accept information from a subscriber, Trans Union conducts an investigation of the proposed subscriber to assure the reliability and viability of the subscriber. If Trans Union is satisfied, after this investigation, the subscriber is required to enter into written agreements with Trans Union obligating it to supply accurate information and to cooperate with investigations. Subscribers are also subject to periodic audits to ensure that they continue to comply with their obligations to supply accurate information.

11.    HSBC verified the accuracy of the information it reported to Trans Union regarding HSBC 8520.

12.    On August 5, 2006, Trans Union sent Mr. Jackson the results of its reinvestigation, along with a consumer disclosure dated August 5, 2006.

13.    At some time between August 5, 2006, and September 26, 2006, through its normal account information reporting procedures, HSBC stopped reporting to Trans Union that HSBC 8520 was included in bankruptcy and started to report to Trans Union that HSBC 8512 was included in bankruptcy.

14.    On September 26, 2006, Mr. Jackson requested a copy of his consumer disclosure via internet.

15.    On September 26, 2006, Trans Union sent Mr. Jackson a consumer disclosure dated September 26, 2006; the report indicated that HSBC 8512 was included in Chapter 7 bankruptcy; there was no public record section indicating that Mr. Jackson had filed bankruptcy.

16.    On October 16, 2006, FIA Card Services made an inquiry on Mr. Jackson's credit file.

17.    Mr. Jackson's claim for economic damages is based entirely upon his alleged inability to obtain a $25,000 business line of credit from FIA Card Services.

PAGE 4 – PRETRIAL ORDER

18.    The Court has ruled that Mr. Jackson suffered no awardable economic/business damages as a result of Trans Union's actions.

19.    On October 31, 2006, Mr. Jackson disputed the accuracy of information in his credit file with Trans Union, via telephone.

20.    In response to Mr. Jackson's dispute, Trans Union sent a CDV form to HSBC asking that HSBC verify the information HSBC had provided to Trans Union regarding HSBC 8512.

21.    HSBC verified the accuracy of the information it reported to Trans Union regarding HSBC 8512.

22.    On November 2, 2006, Trans Union sent Mr. Jackson the results of its reinvestigation, along with a consumer disclosure dated November 2, 2006.

23.    On or about November 22, 2006, Mr. Jackson disputed the accuracy of information in his credit file, via written letter sent via U.S. Mail.

24.    Trans Union processed Mr. Jackson's dispute.

25.    On November 24, 2006, Trans Union sent Mr. Jackson the results of its reinvestigation, along with a consumer disclosure.

26.    Mr. Jackson has never filed bankruptcy.

## IV.    CLAIMS AND DEFENSES

Claim One:

(A)    Mr. Jackson contends that Trans Union negligently failed to comply with the requirements of the FCRA, specifically:

> (1)    Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Mr. Jackson, violating 15 U.S.C. § 1681e(1)(b).

    (2)    Trans Union did not conduct reasonable investigations of disputed information, violating 15 U.S.C. § 1681i(a)(1)(A).

    (3)    Trans Union did not review and consider all relevant information submitted by Mr. Jackson, violating 15 U.S.C. § 1681i(a)(4).

    (4)    Trans Union did not promptly provide all relevant information received from Mr. Jackson to the original furnisher of the disputed information, violating 15 U.S.C. § 1681i(a)(2)(B).

    (5)    Trans Union did not promptly delete information found to be inaccurate or incomplete or could not be verified, violating 15 U.S.C. § 1681i(a)(5)(A).

Mr. Jackson seeks actual damages, and the costs of the action, including reasonable attorney's fees and expenses. 15 U.S.C. § 1681o.

    (B)    Trans Union contends:

    (1)    Trans Union denies Mr. Jackson's contentions.

    (2)    Trans Union followed reasonable procedures to assure maximum possible accuracy of the information in Mr. Jackson's credit report.

    (3)    Trans Union reasonably relied upon information provided to it by HSBC regarding Mr. Jackson's accounts.

    (4)    HSBC verified the accuracy of the information it provided to Trans Union on two separate occasions.

    (5)    Trans Union conducted reasonable re-investigations of Mr. Jackson's disputes.

    (6)    Trans Union's failure to delete the bankruptcy remark from Mr. Jackson's consumer disclosure within a reasonable time after Mr. Jackson disputed

the remark on or about November 22, 2006, was attributable to human error, mistake, inadvertence or carelessness.

(7)     Mr. Jackson's alleged damages are the result of acts or omissions on the part of HSBC.

(8)     Mr. Jackson did not experience emotional distress as a proximate result of any act or omission on the part of Trans Union.

(9)     Mr. Jackson failed unreasonably to mitigate his alleged damages.

Claim Two:

(A)     Mr. Jackson contends that Trans Union willfully failed to comply with the requirements of the FCRA, specifically:

(1)     Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Mr. Jackson, violating 15 U.S.C. § 1681e(1)(b).

(2)     Trans Union did not conduct reasonable investigations of disputed information, violating 15 U.S.C. § 1681i(a)(1)(A).

(3)     Trans Union did not review and consider all relevant information submitted by Mr. Jackson, violating 15 U.S.C. § 1681i(a)(4).

(4)     Trans Union did not promptly provide all relevant information received from Mr. Jackson to the original furnisher of the disputed information, violating 15 U.S.C. § 1681i(a)(2)(B).

(5)     Trans Union did not promptly delete information found to be inaccurate or incomplete or could not be verified, violating 15 U.S.C. § 1681i(a)(5)(A).

Mr. Jackson seeks actual damages, punitive damages and the costs of the action including reasonable attorney's fees and expenses. 15 U.S.C. § 1681n.

    (B)    Trans Union contends:

        (1)    Trans Union denies Mr. Jackson's contentions.

        (2)    Trans Union followed reasonable procedures to assure maximum possible accuracy of the information in Mr. Jackson's consumer disclosure.

        (3)    Trans Union reasonably relied upon information provided to it by HSBC regarding Mr. Jackson's accounts.

        (4)    HSBC verified the accuracy of the information it provided to Trans Union on two separate occasions.

        (5)    Trans Union conducted reasonable re-investigations of Mr. Jackson's disputes.

        (6)    Trans Union did not intentionally fail to delete the bankruptcy remark from Mr. Jackson's consumer disclosure.

        (7)    Trans Union did not recklessly fail to delete the bankruptcy remark from Mr. Jackson's consumer disclosure.

        (8)    Trans Union's failure to delete the bankruptcy remark from Mr. Jackson's consumer disclosure within a reasonable time after Mr. Jackson disputed the remark on or about November 22, 2006, was attributable to human error, mistake, inadvertence or carelessness.

        (9)    Mr. Jackson's alleged damages are the result of acts or omissions on the part of HSBC.

        (10)    Mr. Jackson did not experience emotional distress as a proximate result of any act or omission of Trans Union.

(11)   Mr. Jackson failed unreasonably to mitigate his alleged damages.

## V.   OTHER LEGAL MATTERS

Plaintiff intends to file:

(A)   Motions *in Limine* to exclude evidence, testimony, or reference to claims against HSBC, including captions and pleadings.

Trans Union intends to file:

(A)   Motions *In Limine* to exclude:

(1)   Evidence of, testimony about or reference to prior complaints/cases involving Trans Union's allegedly unreasonable procedures to assure maximum possible accuracy of a consumer's report information;

(2)   Evidence of, testimony about or reference to prior complaint/cases involving Trans Union's allegedly inadequate reinvestigation procedures;

(3)   Evidence of, testimony about or reference to business damages;

(4)   Evidence of, testimony about or reference to emotional distress or other damages of persons other than Mr. Jackson including, but not limited to, Mrs. Jackson;

(5)   Evidence of, testimony about or reference to Trans Union's financial condition, net worth and profits.

(6)   Evidence of, testimony about or reference to the policies, procedures, reactions, actions or other conduct of other credit reporting agencies with respect to Mr. Jackson's communications and/or disputes with those other credit reporting agencies;

(7)   Evidence of prior complaints/cases involving other credit reporting agencies' allegedly unreasonable procedures to assure maximum possible

accuracy of consumer's report information or involving other credit

reporting agencies' allegedly inadequate reinvestigation procedures;

(8)    Hearsay statements made by Mr. Jackson, including, but not limited to:

    i. What lenders said regarding Mr. Jackson's loan applications and/or
    credit information;

    ii. What other people said regarding loan applications, credit information,
    Mr. Jackson's disputes, the various resolutions thereof or Mr.
    Jackson's credit problems;

    iii. References to changes in credit scores made by any third party;

    iv. References to or statements made by Mr. Jackson's credit advisor
    regarding his application for credit and any reason(s) for a credit
    denial;

(9)    Evidence of, references to or argument as to the location of Trans Union's

consumer relations office or its operators, including the names of such

operators;

(10)   Evidence of, references to or arguments regarding any other allegedly

inaccurate and/or incorrect information on Mr. Jackson's credit reports or

consumer disclosures;

(11)   Any actions by Trans Union or damages to Mr. Jackson prior to thirty

days after Mr. Jackson's first dispute was received on July 28, 2006;

(12)   Any actions or damages after March 31, 2008, the date no HSBC account

was reporting in bankruptcy and after which Mr. Jackson's damages could

not have been caused by Trans Union;

(13)   Opinion testimony by lay witnesses as to the reasonableness of Trans

Union's procedures and speculation regarding Trans Union's motives or

impetus for any act or omission;

PAGE 10 – PRETRIAL ORDER

(14)    Evidence, references or arguments regarding offers of compromise made in this case;

(15)    Evidence, references or arguments regarding Trans Union's liability insurance;

(16)    Other evidence for reasons not reasonably known to Trans Union until after the deposition of Mr. Jackson's expert witness and/or after Mr. Jackson files his Exhibit Lists, Lay Witness Statements and Itemized List of Special Damages.

(B)    Motion To Bifurcate Calculation Of Punitive Damages Until After Jury Has Determined Liability For Willfulness.

(C)    Motion To Exclude Mr. Jackson's Expert Witness Testimony Under Federal Rules of Civil Procedure 37(c)(1) and 26(a)(2)(B) and Under Federal Rule Of Evidence 702 And Daubert.

## VI.    AMENDMENTS TO THE PLEADINGS

None.

Dated September 1, 2009.

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
nhenderson@htattorneys.com
Telephone: (503) 227-4001
Facsimile: (503) 227-4019
Of Attorneys for Plaintiff David L. Jackson

Dated September 1, 2009.

/s/ Robert J. Schuckit
Robert J. Schuckit, Admitted *pro hac vice*
rschuckit@schuckitlaw.com

Telephone (317) 363-2400
Facsimile (317) 363-2257
Of Attorneys for Defendant Trans Union, LLC

**ORDER**

SO ORDERED.

Dated this ____5____ th day of ____Nov.____, 2009.

_____

The Honorable Michael W. Mosman
United States District Court Judge

PAGE 13 – PRETRIAL ORDER